[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 27 JUNE 1997 DATE OF APPLICATION 27 JUNE 1997 DATE APPLICATION FILED 8 JULY 1997 DATE OF DECISION 22 MAY 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven.
Docket Nos. CR95-420852; CR95-420854, CR95-420857.
Mary Haselkamp, Esq. For the Petitioner
Robert O'Brien, Esg. For the State of Connecticut
BY THE DIVISION CT Page 8767
The petitioner was convicted by jury of Burglary (two counts) in violation of Conn. Gen. Statute 53a-49 (a)(2) and 53a-103 (a); attempted Criminal Trespass 2nd in violation of Conn. Gen. Statute 53a-4 (a)(2) and 53a-108 (a); Burglary 3rd in violation of Conn. Gen. Statute 53a-103
(a); Attempted Robbery 3rd in violation of Conn. Gen. Statute 53a-49 (a) (2) and 53a-16 (a); Criminal Trespass 2nd in violation of Conn. Gen. Statute 53a-108 (a) and persistent serious felony offender in violation of Conn. Gen. Statute 53a-40. The court sentenced the petitioner to sixteen years to serve.
The record shows that the petitioner was observed breaking into two cars. When confronted he ran, broke into an apartment, overpowered the occupants and demanded money. He then fled and tried to enter two other residences while escaping from a police officer, until finally being captured.
Counsel, at the hearing, went through a recitation of the factual basis for the conviction offering mitigation for each factual scenario. She argued that no one was hurt and nothing was taken by the petitioner. She admitted the underlying felonies in the petitioner's past but felt that the present crimes did not support a sentence of sixteen years.
Petitioner when he addressed the panel thought the case was blown way out of proportion and asked for a reduction of sentence.
Counsel for the state noted that the petitioner was on supervised home release at the time of the crime spree and that the petitioner has an extensive criminal record that includes many burglary and larceny convictions. Counsel felt the petitioner had a track record of immediately getting into trouble once released from prison. Counsel urged the panel to affirm the sentence, as it was appropriate.
In reviewing the remarks of the sentencing court we find that the judge took into consideration the petitioner's extensive felony convictions, his lack of ability to be rehabilitated and that the public deserved protection from his criminal acts.
This Division's authority to modify sentences is limited, under Practice Book Sec. 43-28, to those sentences which are disproportionate or inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice CT Page 8768 Book, this Division cannot conclude it was either inappropriate or disproportionate.
Accordingly, it is affirmed.
 ___________________ NORKO, JUDGE
 ___________________ KLACZAK, JUDGE
 ___________________ IANNOTTI, JUDGE
Judges Norko, Klaczak, and Iannotti participated in this decision.